**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-00293-REB-MJW

RUBBY R. ALCIVAR,

    Plaintiff,

v.

PETER GREEN, Secretary, Department of the Air Force,

    Defendant.

## ORDER RE: DEFENDANT'S MOTION TO DISMISS

**Blackburn, J.**

    The matter before me is defendant's **Motion to Dismiss** [#77], filed October 25, 2005. By this motion, defendant seeks to dismiss plaintiff's Title VII and Rehabilitation Act complaint for lack of subject matter jurisdiction. I putatively have jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). I grant the motion as to the federal claims and dismiss the state law claims without prejudice.

    Plaintiff, a Hispanic female who suffers from a disability, was formerly employed by the United States Air Force as an Information Systems Specialist GS 0318-05 with the Health and Wellness Center. Based on various difficulties with her direct supervisor, plaintiff filed three separate complaints with the Air Force's Equal Employment Opportunity ("EEO") office in 2003, alleging race, sex, national origin, age, and disability discrimination and retaliation. On July 2, 2003, following a mediated settlement conference, plaintiff entered into a Negotiated Settlement Agreement

("NSA") with defendant. Pursuant to the terms of the NSA, plaintiff agreed to withdraw her EEO complaints, and defendant agreed to place her in the position of Voucher Examiner. The NSA specifically recognized that "[t]he position is a Temporary Position that is expected to last through 31 Jul 05." (Def. Motion App., Exh. 1 at 1, ¶ 3(c).) Plaintiff began work in her new position on August 11, 2003.

On March 25, 2004, plaintiff was advised that her position would be eliminated pursuant to a reduction-in-force. Plaintiff sent a letter to the EEO office alleging that elimination of her job would constitute a breach of the NSA and requesting either to be kept in the position or reassigned to another position that would last at least through July 31, 2005. Following an internal review, defendant determined that the NSA had not been breached. Plaintiff filed a timely appeal with the Equal Employment Opportunity Commission ("EEOC"), which likewise found that defendant had not breached the NSA. Plaintiff's request for reconsideration of that decision was denied. This lawsuit followed.

Herein, plaintiff asserts causes of action for race and national origin discrimination and for retaliation under Title VII, as well as for disability discrimination under the Rehabilitation Act. She further alleges state law claims for breach of contract, false representation, fraudulent inducement to contract, and negligent misrepresentation. Defendant has now moved to dismiss the complaint, arguing that the NSA bars plaintiff's federal claims plaintiff and that sovereign immunity precludes her state law claims.

Plaintiff argues first that defendant's motion is improper because, having made a

factual, as opposed to a facial, attack on subject matter jurisdiction, defendant has failed to supply the type of evidence necessary to support such a motion, or alternatively, that such a motion is inappropriate at this stage of the litigation.  ***See Holt v. United States***, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  However, the documents defendant submits in support of its motion – the NSA, plaintiff's letter to defendant's EEO office alleging breach of the NSA, and the EEOC's decision denying plaintiff's appeal – are all referred to in plaintiff's Third Amended Complaint.  Consideration of documents referred to in the complaint and central to the plaintiff's claim is entirely appropriate and does not convert the motion to dismiss into a motion for summary judgment.  ***See GFF Corp. v. Associated Wholesale Grocers, Inc.***, 130 F.3d 1381, 1384-85 (10th Cir. 1997).

Reviewing these documents, it immediately appears clear that the NSA worked a complete waiver of the claims plaintiff seeks to assert in this lawsuit.  The very first paragraph of the document provides that plaintiff would release defendant "from any and all liability, claims, causes of action, etc., resulting from or relating to, in any manner whatsoever, the subject matter of this settlement . . ."  (Def. Motion App., Exh. 1 at 1, ¶ 1.)  Plaintiff does not dispute that the substantive discrimination and retaliation claims asserted in this lawsuit were those which the NSA was intended to resolve.

Rather, plaintiff attempts to overcome the effect of this waiver by arguing that defendant fraudulently induced her into signing the NSA by falsely promising that the Voucher Examiner position would become permanent after a year and that she could apply for other positions as soon as she began working in that position.  (Third

3

Amended Complaint at 4, ¶¶ 43-45.)  This argument is precluded by the plain terms of the NSA, which includes the following language:

> This agreement constitutes the complete understanding between the Complainant and the Agency with respect to the matters encompassed herein and supersedes all prior and contemporaneous discussions, agreements, understandings, etc., whether oral or written. . . .  No other promises or agreements will be binding unless signed by both parties.

(Def. Motion App., Exh. 1 at 2, ¶ 6.)  Such "merger and integration" clauses preclude a party from introducing evidence of prior agreements.  ***Nelson v. Elway***, 908 P.2d 102, 107 (Colo. 1995).  "Even when extrinsic evidence is admissible to ascertain the intent of the parties, such evidence may not be used to demonstrate an intent that contradicts or adds to the intent expressed in the writing."  ***Id***. (citing ***KN Energy, Inc. v. Great Western Sugar Co.***, 698 P.2d 769, 777 n.9 (Colo.), ***cert. denied***, 105 S.Ct. 3489 (1985)).  Because plaintiff's allegations of pre-contractual oral representations run afoul of this principle, they do not provide any basis for voiding the NSA or negating the effect of plaintiff's waiver contained therein.

Plaintiff argues next that federal jurisdiction is proper because a claim for breach of the NSA constitutes a cause of action "brought under" Title VII.  ***See*** 42 U.S.C. § 2000e-5(f)(3).  There are at least two problems with this argument.  First, "an employee may not seek both the benefit of a settlement agreement and the opportunity to pursue the underlying charge of discrimination she agreed to settle."  ***Snider v. Circle K Corp.***, 923 F.2d 1404, 1408 (10th Cir. 1991) (citing ***Kirby v. Dole***, 736 F.2d 661, 664 (11th Cir. 1984)); ***see also*** 29 C.F.R. § 1614.504(a) ("The complainant may request that

the terms of the settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased."). Plaintiff here has clearly chosen the latter path, and, therefore, her attempt to rely on the NSA to confer jurisdiction is problematic at best.[1]  Second, such a claim clearly is precluded by Tenth Circuit law in any event.  ***Morris v. City of Hobart***, 39 F.3d 1105, 1111-12 & n.5 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1960 (1995).[2]

Finally, plaintiff has failed to exhaust her administrative remedies with respect to the substantive Title VII claims alleged in the Third Amended Complaint.  The notice of right to sue which she received from the EEOC (***see*** Third Amended Complaint App., Exh. 1), dealt only with whether defendant had breached the NSA by subjecting plaintiff's position to the reduction-in-force, (***see*** Def. Motion App., Exh. 3).  It did not allege any substantive discrimination prior to the execution of the NSA, and, thus, any such claim is unexhausted.[3]  Moreover, that portion of plaintiff's federal Count II, alleging retaliation for terminating plaintiff after she filed the EEO and EEOC charges in 2004, is unexhausted as well.  Although generally, a plaintiff need not file a new charge when the alleged retaliation arises out of the filing of the original charge of

---

[1] Although plaintiff has brought a claim for breach of the NSA, that claim allegedly arises under Colorado state contract law, ***cf. Snider***, 923 F.2d at 1407 (noting that Title VII settlement agreements are governed by federal common law), and is alleged to be subject to the court's "pendant" (i.e., supplemental) jurisdiction.  ***See also Morris v. City of Hobart***, 39 F.3d 1105, 1111-12 & n.5 (10th Cir. 1994) (state law contract claim is not "brought under" Title VII), ***cert. denied***, 105 S.Ct. 1960 (1995).

[2] Plaintiff's attempt to distinguish ***Morris*** on its facts is thoroughly unconvincing.

[3] Although the Third Amended Complaint suggests that plaintiff also filed claims with the EEOC based on her substantive complaints of discrimination (***see*** Third Amended Complaint at 17-18, ¶¶ 67, 69-70), the only notice of right to sue that she attached to the complaint does not address any such charges.

discrimination, ***Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1327 (10th Cir.) (citing ***Seymore v. Shawver & Sons, Inc.***, 111 F.3d 794, 799 (10th Cir.), ***cert. denied***, 118 S.Ct. 342 (1997)), ***cert. denied***, 120 S.Ct. 53 (1999), here plaintiff had been notified about the termination of her position *before* she filed her EEO complaint. Indeed, that proposed action precipitated the filing of her charge. Thus, as in ***Simms*** and ***Seymore***, the alleged retaliation predated the EEO complaint, and therefore plaintiff's claim with respect to those acts is unexhausted.

For these reasons, plaintiff's federal claims should be dismissed. When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state claims. ***United States v. Botefuhr***, 309 F.3d 1263, 1273 (10th Cir. 2002). I find it appropriate to do so here, and, thus, will dismiss those claims without prejudice. This decision pretermits consideration of whether plaintiff's state-law claims are barred by sovereign immunity.

**THEREFORE, IT IS ORDERED** as follows:

(1) That defendant's **Motion to Dismiss** [#77], filed October 25, 2005, is **GRANTED IN PART**;

(2) That the motion is **GRANTED** with respect to plaintiff's Title VII claims;

(3) That plaintiff's federal Counts I, III, and that portion of Count II alleging retaliation in 2003 are **DISMISSED WITH PREJUDICE**;

(4) That plaintiff's federal Count II alleging retaliation in 2004 is **DISMISSED WITHOUT PREJUDICE**;

(5) That plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**; and

(6) That **Plaintiff's Motion For Leave to File a Reply to Defendant's Reply in Support of Motion to Dismiss** [#89], filed December 5, 2005, is **DENIED AS MOOT**.

Dated December 14, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge