# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 05-cv-00293-REB-MJW

RUBBY R. ALCIVAR,

    Plaintiff,

v.

PETER GREEN, Secretary, Department of the Air Force,

    Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER PURSUANT TO FED.R.CIV.P. 59(E)

---

**Blackburn, J.**

    The matter before me is **Plaintiff's Motion to Reconsider Pursuant to Fed.R.Civ.P. 59(e)** [#91], filed December 29, 2005.  I deny the motion.

    The bases for granting a motion to reconsider are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  Plaintiff's motion to reconsider does little more than rehash arguments raised in her response to the motion to dismiss.  I have already addressed and rejected those

arguments.[1]  Reconsideration therefore is not warranted.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion to Reconsider Pursuant to Fed.R.Civ.P. 59(e)** [#91], filed December 29, 2005, is **DENIED**.

Dated May 1, 2006, at Denver, Colorado.

        **BY THE COURT:**

        **s/ Robert E. Blackburn**
        **Robert E. Blackburn**
        **United States District Judge**

---

[1]  I do agree with plaintiff that I erred in finding that the merger and integration clause of her settlement agreement with defendant precluded her from introducing extrinsic evidence of prior oral representations where she has alleged fraudulent inducement.  Nevertheless, because my conclusion that plaintiff has failed to exhaust her administrative remedies with respect to her putative Title VII claims is sufficient in itself to warrant dismissal of her suit, any error in this regard is ultimately harmless.